UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CEMENT AND CONCRETE WORKERS DISTRICT
COUNCIL WELFARE FUND, PENSION FUND,
ANNUITY FUND, EDUCATION AND TRAINING
FUND and OTHER FUNDS and SILVANA BALDO,
in her fiduciary capacity as Administrator of the Cement
and Concrete Workers District Council Welfare Fund,
Pension Fund and Annuity Fund,

        and

BARRY KAPLAN, as President of the CEMENT AND
CONCRETE WORKERS DISTRICT COUNCIL and
in his fiduciary capacity as a Trustee of the EDUCATION
AND TRAINING FUND,

                Plaintiffs,

    -against-

GOLDEN VALE CONSTRUCTION CORP.,

                Defendant.
------------------------------------------------------------------------X

<u>REPORT AND
RECOMMENDATION</u>

06-CV-3586 (NGG) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

## Introduction

Plaintiffs, Cement and Concrete Workers District Council Welfare Fund, Pension Fund, Annuity Fund, Education and Training Fund and Other Funds (collectively the "Funds"), and Silvana Baldo, in her fiduciary capacity as Administrator of the Cement and Concrete Workers District Council Welfare Fund, Pension Fund and Annuity Fund, and Barry Kaplan, as President of the Cement and Concrete Workers District Council and in his fiduciary capacity as a Trustee of the Education and Training Fund (the "Union"), bring this action against defendant Golden Vale Construction Corp. ("defendant" or "Golden Vale"), alleging that it violated the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132 and § 1145 ("ERISA")

and section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, ("Taft-Hartley Act") by failing to make its required contributions to the Funds.

In light of defendant's failure to appear in or otherwise defend this action, plaintiffs moved for default judgment on October 30, 2006. Docket Entry 5. Upon plaintiffs' application, on October 31, 2006 the Clerk of the Court noted the default of defendant pursuant to Fed. R. Civ. P. 55(a). Docket Entry 6. The Honorable Nicholas G. Garaufis referred plaintiffs' request for damages to me for a Report and Recommendation on what relief should be awarded. Docket Entry 7. Plaintiffs have submitted the declarations of Hany Kilada, who performed an audit of Golden Vale's books and records, dated January 16, 2007 ("Kilada Decl.") and of their counsel, Joseph S. Kaming, dated January 12, 2007 ("Kaming Decl."), in support of their application for damages. Docket Entry 9.

## Facts

The Funds are jointly administered, multi-employer, labor-management trust funds within the meaning of ERISA. Compl. ¶ 4; *see also* 29 U.S.C. §§ 1002(1)-(3), (37), 1132(d)(1) and 1145. The Funds provide fringe benefits to eligible employees on whose behalf employers have contributed funds. Compl. ¶ 4. Defendant entered into a collective bargaining agreement (the "CBA") with the Union. *Id*. Pursuant to the terms of the CBA, defendant is required to pay fringe benefit contributions to the Funds for all work performed by its employees who are covered by the CBA. *Id*. The amount to be contributed is determined by a rate set in the CBA. *Id*. Although duly demanded, plaintiffs allege that defendant failed to make the required

contributions to the Funds in the amount of $710,377.93[1] for the time period of January 1, 2004 through July 21, 2006. *Id*. ¶ 10. Plaintiffs allege that defendant owes the Union $96,955.35 in dues and checkoffs for the period of January 1, 2004 through July 21, 2006. *Id*. ¶ 24.

On July 21, 2006, plaintiffs filed the instant action seeking unpaid contributions, interest on the unpaid contributions, liquidated damages, attorney's fees and costs, and a permanent injunction enjoining defendant from further violations of the CBA. Docket Entry 1. Defendant was served on August 8, 2006. Docket Entry 3. To date, defendant has failed to file an answer or otherwise appear in this action. By Order dated January 3, 2007, the parties were directed to submit papers in support of their calculations of damages. Docket Entry 8. Defendant has not submitted any papers in opposition to plaintiffs' damages calculations.

## Discussion

A.  Liability

Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992).

The allegations in plaintiffs' complaint establish the elements of liability required to state a claim under § 1145 of ERISA. Section 1145 states:

> "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall... make such contributions in accordance with the terms and conditions of such plan or such agreement."

---

[1] The Complaint requests damages in the amount of $710,377.91, however, the correct amount of damages is $710,377.93.

3

29 U.S.C. § 1145. Plaintiffs allege that defendant entered into a collective bargaining agreement with the Union under which defendant was obligated to make contributions to the Funds and that defendant failed to make such contributions. Compl. ¶¶ 10-12.

B.  Damages

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. An evidentiary presentation is required so that the court may ensure that there is a basis for the damages sought before entering judgment in the amount demanded. *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Plaintiffs in this case seek an award of $1,146,119.13 which consists of unpaid contributions, interest on the unpaid contributions, liquidated damages, and attorney's fees and costs. Kaming Decl. at 3. Defendant has not submitted any opposition to the papers submitted by plaintiff. Accordingly, a hearing is not warranted.

A plaintiff who has established liability under Section 1145 is entitled to an award of: 1) the amount of unpaid contributions; 2) interest on the unpaid contributions; 3) liquidated damages; 4) reasonable attorney's fees and costs, and 5) such other legal and equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). Plaintiff seeks $807,333.30 in unpaid

contributions, $180,693.64 in accrued interest, $154,152.19 in liquidated damages, and $3,940.00 in attorney's fees and costs for a total award of $1,146,119.13. Kaming Decl. at 2-3; *see also* Kilada Decl. ¶¶ 3-6. Plaintiffs also seek a permanent injunction enjoining defendant from further violations of the CBA. Compl. ¶ 26(5).

Plaintiffs seek unpaid contributions to the Funds in the amount of $710,377.93 for the period of January 1, 2004 through July 21, 2006. Compl. ¶ 10. Plaintiffs further allege that defendant has failed to contribute dues and checkoffs to the Union in the amount of $96,955.35 for the same period. Compl. ¶ 24. According to the terms of the CBA, the interest on unpaid contributions accrues at a rate of 18% per annum, or 1.5% per month. Kaming Decl. at 2. The total amount of interest on the unpaid contributions to the Funds from January 1, 2004 through July 21, 2006 is $154,152.19. *Id.* The total amount of interest on the unpaid contributions to the Union is $26,541.45. *Id.*

In the complaint, plaintiffs expressly requested that the Court include as part of this action "interest and continuing amounts owing as revealed" at the time of judgment. Compl. ¶ 11; *see Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005) (district court has discretion to award damages that accrue during the pendency of an ERISA action when such damages are explicitly requested in the complaint). As plaintiffs have not requested any additional amounts or accrued interest from the time the complaint was filed, I respectfully recommend that plaintiffs receive no additional amounts for the period of July 21, 2006 through March 28, 2007.

In addition, plaintiffs are entitled to liquidated damages in an amount equal to the greater of: 1) the interest on the unpaid contributions, or 2) an amount provided for under the plan that is

no greater than 20% of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(i),(ii). Here, the CBA provides for liquidated damages equal to 20% of the amount due. CBA at 31. Plaintiffs, however, have elected liquidated damages in the amount of the interest on the unpaid contributions, or $154,152.19. Kaming Decl. at 2. Accordingly, it is respectfully recommended that plaintiffs be awarded $154,152.19 in liquidated damages.

Plaintiffs also seek to recover attorney's fees. An award of fees and costs is mandatory pursuant to 29 U.S.C. § 1132(g)(2)(D). In addition, the parties agreed in the CBA that Golden Vale would be liable for attorney's fees and costs. CBA at 32. As directed by the Second Circuit in *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (1983), plaintiffs have submitted an affirmation of their attorney's fees and contemporaneous time records. Affirmation of Joseph Kaming, dated October 12, 2006 ("Kaming Aff."). Plaintiffs assert that they incurred $3,500.00 in attorney's fees and $440 in costs. Kaming Aff. ¶ 5; Kaming Decl. at 3. In his affirmation, counsel sets forth a description of the billing rates of his firm which are as follows: $175.00 per hour for work performed by both a principle and an associate. Kaming Aff. ¶ 5.

Counsel asserts he expended 20 hours preparing the summons, complaint and default judgment motion, for a total amount of $3,500, which this Court finds reasonable. Kaming Aff. ¶ 5; *see Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 64 (E.D.N.Y. 2003) (finding rates of $400 for a partner and $180 for a third-year associate reasonable); *New Leadership Comm. v. Davidson*, 23 F. Supp. 2d 301, 310 (E.D.N.Y. 1998) (finding rates of $275 for a partner and $200 for an associate reasonable).

Counsel also asserts it expended $440.00 in costs, but does not provide a description of

what such costs entailed. As the plaintiffs have not provided an explanation of costs, I respectfully recommend that the request for costs be denied. I therefore recommend that plaintiffs be awarded $3,500 in attorney's fees.

Finally, plaintiffs seek a permanent injunction enjoining defendant from any further violations of the CBA. Compl. ¶ 26(5). In an ERISA action, a successful plaintiff is entitled to "such other... equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). In this case, the Court finds that plaintiffs' legal remedy is adequate as plaintiffs will recover all of the unpaid contributions plus interest, liquidated damages, and attorney's fees. Additionally, as plaintiff has stated that defendant has left the country, there appears to be no threat of recurring harm. Therefore, I respectfully recommend that plaintiffs' request for a permanent injunction be denied.

## Conclusion

For the foregoing reasons, I respectfully recommend that default judgment be entered against defendant Golden Vale Construction Corp. in the amount of $1,145,679.13, comprised of $1,142,179.13 in statutory damages and $3,500.00 in attorney's fees. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Nicholas G. Garaufis within ten days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve

7

copies of this Report and Recommendation upon defendant at its last known address, and to file

proof of service with the Clerk of the Court.

**Dated: March 28, 2007**
**Brooklyn, New York**

                                                                          _/s/ Ramon E. Reyes, Jr._
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**